# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Louis Scarantino, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>Silver Bay Realty Trust Corp., Irvin R. Kessler, Thomas W. Brock, Tanuja M. Dehne, Stephen G. Kasnet, Thomas E. Siering, Daryl J. Carter, W. Reid Sanders, Mark Weld, Silver Bay Management LLC, Silver Bay Operating Partnership L.P., Tricon Capital Group Inc., TAH Acquisition Holdings LLC, and TAH Acquisition LP,<br><br>        Defendants. | Case No. 17-cv-1066 (PAM/TNL)<br><br><br>**ORDER** |

This matter is before the Court on the parties' Stipulation of Dismissal (Docket No. 6). In the Stipulation, Plaintiff Louis Scarantino agrees to voluntary dismiss this matter with prejudice under Fed. R. Civ. P. 41(a)(1), but asks that the Court retain jurisdiction to entertain his petition for attorney's fees and expenses, should the parties be unable to come to an agreement. Even without an explicit statement to that effect, this Court always retains jurisdiction to consider a request for fees after the entry of judgment. See <u>Obin v. Dist. 9 of Int'l Ass'n of Machinists & Aerospace Workers</u>, 651 F.2d 574, 583-84 (8th Cir. 1981) ("[T]here can be no question that the district courts retain jurisdiction to rule upon [a motion for attorney's fees] notwithstanding the entry of a judgment resolving the merits of the action.").

Accordingly, **IT IS HEREBY ORDERED that**:

1. This matter is **DISMISSED with prejudice** as to Plaintiff pursuant to Fed. R. Civ. P. 41(a)(1), and **DISMISSED without prejudice** as to any claims of absent members of the putative class.

2. If the parties are unable to resolve Plaintiff's counsel's claim for attorney's fees and expenses, Plaintiff shall file any petition and supporting papers seeking such relief by no later than June 21, 2017.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 6, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge